C. N. Coby Cohen
Rossi Vucinovich, P.C.
1000 Second Ave., Suite 1780
Seattle, WA 98104
(425) 646-8003
Fax (425) 646-8004
ccohen@rvflegal.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| **VERNIE L. CARLSON,**<br><br>Plaintiff,<br><br>v.<br><br>**BNSF RAILWAY COMPANY**, a Delaware Corporation,<br><br>Defendant. | Case No.  4:21- CV-5068<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Vernie L. Carlson ("Plaintiff" or "Mr. Carlson"), by and through his undersigned counsel, and for his claims against Defendant BNSF Railway Company, a Delaware Corporation ("BNSF") hereby states and alleges as follows:

### PARTES & JURISDICTION

1. At all material times, Mr. Carlson was, and remains, a resident of the State of Washington, and he lives within the Eastern District of Washington.

COMPLAINT FOR DAMAGES - 1

2. At all material times, Defendant was and is a corporation duly organized and existing under the laws of the state of Delaware, and was operating a system of railroad tracks in the State of Washington and other states, and that said system included and includes lines of track in the Eastern District of Washington, where this action is filed and where the actions at issue herein are alleged to have taken place.

3. At all times material to this action, Defendant was an interstate carrier by rail and was engaged in interstate transportation and commerce. Additionally, Mr. Carlson was employed by Defendant as a hostler helper and a leadman, and as such was working and engaged in interstate transportation and commerce at the times pertinent to this action, and at such times was working in the furtherance of Defendant's interstate commerce, in work which directly, closely, and substantially affected the general interstate commerce carried on by said Defendant as a railroad common carrier of freight for hire.

4. The jurisdiction of this Court is based upon Title 45 U.S.C. § 51 *et seq.*, commonly known as the Federal Employers' Liability Act ("FELA"), and 45 U.S.C. § 20302 *et seq.*, commonly known as the Safety Appliance Act ("SAA"), and this action is timely commenced in a proper venue within the meaning of 45 U.S.C. § 56, as Defendant operates rail lines within this judicial district and the actions that led to this lawsuit are alleged to have occurred within this judicial

COMPLAINT FOR DAMAGES - 2

district.

## VENUE

5. The Eastern District of Washington is the appropriate venue for this action pursuant to 29 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this claim occurred in the Eastern District of Washington.

## STATEMENT OF FACTS

6. Plaintiff was employed with BNSF and as a hostler at all relevant times to this lawsuit.

7. This suit pertains injuries suffered by Mr. Carlson as a result of the negligence of Defendants on or about October 2, 2019.

8. On or about October 2, 2019, Plaintiff was working as a leadman for BNSF in Pasco, Washington.

9. Mr. Carlson was asked to assist with getting a train built, or put together, and he went to do so.

10. Part of the task in which Mr. Carlson engaged was to connect air hoses from one locomotive to the next to ensure that the air braking system would perform in accordance with regulatory requirements, including, but not limited to, the Safety Appliance Act, 49 U.S.C. § 20302 et seq. (the "SAA").

11. Air hoses are safety appliances under the SAA.

12. The locomotives for which Mr. Carlson was connecting the air hoses

COMPLAINT FOR DAMAGES - 3

were set up back to back to one another, and had been successfully joined prior to Mr. Carlson's effort to connect the air hoses.

13. The locomotive numbers were BNSF 704 and BNSF 1874.

14. BNSF 704 had a short connector air hose, while BNSF 1874 had a longer connector hose.

15. There were three air hose connectors at BNSF—short, long (approximately a foot longer than the short), and what is referenced as a "dummy hose" that is a short extender hose that fits between two hoses to extend them.

16. However, BNSF did not stock any long hoses at the Pasco roundhouse location at the time, and there were no dummy hoses at the roundhouse at the time either. Instead, only additional short hoses were available to use at that immediate location.

17. The reason there were no longer hoses available at the Pasco roundhouse was that following a request to stock them, a BNSF foreman, Jake Brown, had indicated that they cost BNSF too much money to stock and BNSF wouldn't pay for them.

18. The short hose on BNSF 704 was also stiff and seemed to have been inadequately maintained and old.

19. The short hose was thereby defective and/or insufficient for the task required, namely to connect it to the next locomotive.

COMPLAINT FOR DAMAGES - 4

20. Mr. Carlson strained and connected the short hose to the long hose, but as he did so with significant effort, he felt a pop in his right arm and felt significant pain.

21. In that moment, Mr. Carlson had suffered severe injuries to his body that required prompt medical attention, including a torn bicep muscle and damage to his arm attendant thereto.

22. Mr. Carlson tried in vain to contact his supervisor, Joe Long, to obtain medical attention, but he was nowhere to be found, and he did not respond to radio calls.

23. Mr. Carlson was forced to wait for another BNSF employee to arrive to take him to the hospital.

### FIRST CAUSE OF ACTION
### FELA NEGLIGENCE

24. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

25. Mr. Carlson's injuries from the incident described occurring on or about October 2, 2019 came as a direct result, in whole or in part, of the negligence of Defendant BNSF, and its agents, employees and officers, in violation of the FELA, 45 U.S.C. § 51 *et seq.*

COMPLAINT FOR DAMAGES - 5

26.     Among other acts of negligence to be proven at trial, Defendant BNSF was negligent by its:

   a. Failure to provide Plaintiff with a reasonably safe place in which to work as required by law;

   b. Failure to properly maintain the air hoses on BNSF's locomotives;

   c. Failure to stock replacement longer air hoses at the Pasco roundhouse as had been requested by BNSF employees previously;

   d. Failure to stock dummy hoses at the Pasco roundhouse;

   e. Failure to adequately train, direct, and warn employees, including Mr. Carlson, as to the risks of physical harm associated with connecting short air hoses; and

   f. other acts of negligence to be proven at trial in this matter.

27.     As a direct result, in whole or in part, of the negligence of Defendant BNSF in violation of the FELA, Plaintiff suffered severe, potentially permanent and disabling injuries, including, but not limited to, right biceps tear and repair surgery, frozen shoulder requiring further surgical repair, and other injuries to the tissues comprising Mr. Carlson's right arm and shoulder; Plaintiff has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life. Mr. Carlson has also lost significant function in his right arm as a result of the injuries he sustained on October 2, 2019, and his right arm is, or

rather was, his dominant arm.

28. As a direct result, in whole or in part, of Defendant's negligence in violation of the FELA, Plaintiff has also lost wages in the past, may continue to lose wages in the future, and has sustained a permanent diminution of his earning capacity, at least to some degree, and a loss of fringe benefits, each in amounts to be proven by the evidence at the trial of this matter.

29. In an effort to treat, heal, and relieve his injuries, Plaintiff has spent and will continue to spend monies for medical-related care associated with this injury.

## SECOND CAUSE OF ACTION
## FELA NEGLIGENCE UNDER SAA

1. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

2. Mr. Carlson's injuries from the incident described occurring on or about October 2, 2019 came as a direct result, in whole or in part, of the negligence of Defendant BNSF, and its agents, employees and officers, in violation of the FELA, 45 U.S.C. § 51 *et seq.* and 45 U.S.C. § 20302 *et seq.*

3. Among other acts of negligence to be proven at trial, Defendant BNSF was negligent and violated the SAA and FELA by its:

COMPLAINT FOR DAMAGES - 7

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

a. Failure to provide Plaintiff with a reasonably safe place in which to work as required by law;

b. Failure to properly maintain the air hoses on BNSF's locomotives, such that the hose(s) Plaintiff was required to work with was/were defective or insufficient;

c. Failure to stock replacement longer air hoses at the Pasco roundhouse as had been requested by BNSF employees previously;

d. Failure to stock dummy hoses at the Pasco roundhouse;

e. Failure to adequately train, direct, and warn employees, including Mr. Carlson, as to the risks of physical harm associated with connecting short air hoses; and

f. other acts of negligence to be proven at trial in this matter.

4.  As a direct result, in whole or in part, of the negligence of Defendant BNSF in violation of the FELA and SAA, Plaintiff suffered severe, potentially permanent and disabling injuries, including, but not limited to, right biceps tear and repair surgery, frozen shoulder requiring further surgical repair, and other injuries to the tissues comprising Mr. Carlson's right arm and shoulder; Plaintiff has suffered in the past and will continue in the future to suffer pain and anguish and loss of enjoyment of life. Mr. Carlson has also lost significant function in his right arm as a result of the injuries he sustained on October 2, 2019, and his right arm is,

COMPLAINT FOR DAMAGES - 8

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

or rather was, his dominant arm.

5. As a direct result, in whole or in part, of Defendant's negligence in violation of the FELA and SAA, Plaintiff has also lost wages in the past, may continue to lose wages in the future, and has sustained a permanent diminution of his earning capacity, at least to some degree, and a loss of fringe benefits, each in amounts to be proven by the evidence at the trial of this matter.

6. In an effort to treat, heal, and relieve his injuries, Plaintiff has spent and will continue to spend monies for medical-related care associated with this injury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the above-named Defendant for special and general damages in an amount established by the evidence, together with all costs and disbursements, and other relief the court may deem appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury of twelve of his peers.

Dated: April 23, 2021

**ROSSI VUCINOVICH PC**

 *s/ C. N. Coby Cohen*
C. N. Coby Cohen, WSBA # 30034
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES - 9

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004